IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Cr. No. 02-00549 HG |
| | ) |
| Plaintiff, | ) DECLARATION OF COUNSEL |
| | ) |
| vs. | ) |
| | ) |
| RUDY K. SOUZA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**<u>DECLARATION OF COUNSEL</u>**

I, SHANLYN A. S. PARK, hereby declare as follows:

1. I am counsel for defendant, RUDY K. SOUZA, having been appointed pursuant to the Criminal Justice Act.

2. Mr. Souza's underlying federal conviction was for possessing an unregistered destructive device. Specifically, Mr. Souza possessed a home made pipe bomb. For this crime, Mr. Souza was sentenced to 33 months imprisonment. Currently, Mr. Souza is in custody for Supervised Release violations that have to do with drug usage. Mr. Souza was sentenced before this Court for violations of his supervised release on October 30, 2006, to a term of four months. Specifically, Mr. Souza was sentenced to 4 months imprisonment for his failure to attend substance abuse treatment and testing and for testing positive

for drugs on several occasions. Mr. Souza was also placed on supervision for another 32 months. He is scheduled to be released from federal custody on February 11, 2007.

    3.    In January of 2007, it came to counsel's attention that Mr. Souza had been classified by the Bureau of Prisons as an inmate who should be evaluated by the BOP to determine if the government should move to civilly commit him pursuant to the Adams-Walsh Act.

    4.    The Adam Walsh Child Protection and Safety Act of 2006 was signed into law on July 27, 2006. According to the Act, for any person who is in the custody of the Bureau of Prisons, the Attorney General and/or the Director of the Bureau of Prisons may certify that the person is a "sexually dangerous person." See 18 U.S.C. § 4248(a). Under the Act, "sexually dangerous" means that the defendant has engaged or attempted to engage in sexually violent conduct or child molestation and that he suffers from a serious mental illness, abnormality or disorder resulting in serious difficulty refraining from sexually violent conduct or child molestation if released. See 18 U.S.C. § 4247(a)(5)-(6). Once a certificate has been filed, the defendant is entitled to an adversarial hearing, but must remain in the custody of either the Attorney General or the Bureau of Prisons pending resolution of the issue. See 18 U.S.C. §§ 4247(d), 4248(a)-(b).

    5.    It was counsel's understanding that prior to determining that

Mr. Souza should be evaluated, the BOP reviewed his file which contained the Presentence Report for his federal case.

6. According to page 7 of the PSR, Mr. Souza, in 1994, approximately 13 years ago, was convicted for Unlawful Imprisonment in the Second Degree. The PSR relied upon police records to detail the facts of Mr. Souza's conviction. The PSR, however, misrepresents the outcome of Mr. Souza's case.

7. While it is true that Mr. Souza was charged with 7 counts of Sexual Assault in the First Degree, Kidnaping, Sexual Assault in the Third Degree, after a jury trial, he was subsequently acquitted of the sexual allegations. He was only convicted for Unlawful Imprisonment in the Second Degree, which is a misdemeanor offense. See Exhibit A: copy of the docket sheet; verdict and Judgment for Mr. Souza's State criminal case.

8. All other allegations of sexual abuse against Mr. Souza were dismissed and were subsequently expunged from his criminal record on September 12, 2001. See PSR at page 8.

9. The facts of the PSR indicate that the allegations of sexual abuse deal with Mr. Souza having sex with a prostitute. It is clear from the jury's finding that the alleged victim was not credible given that Mr. Souza was acquitted of all sexual abuse allegations.

10. On January 11, 2007, counsel for Mr. Souza wrote a letter to several BOP officials informing them that the criminal conviction section of the PSR was not completely correct. Along with the letter, counsel enclosed a copy of the docket sheet, verdict form and judgment for Mr. Souza's state case. Counsel requested that the BOP review the supporting documentation and not commence civil commitment proceedings against Mr. Souza. A copy of Counsel's letter to the BOP is attached as Exhibit B.

11. On January 12, 2007, counsel was informed by Natalie Wight, Senior Attorney at the Federal Detention Center Honolulu, Hawaii, that the BOP would not be sending Mr. Souza to FDC Butner for an evaluation and would not move to civilly commit him pursuant to the Adams-Walsh Act.

12. On February 2, 2007, counsel met with United States Probation Officer Carter Lee. Mr. Lee was the Probation Officer that prepared Mr. Souza's Presentence Report. Counsel explained that the PSR incorrectly reported that Mr. Souza pled guilty to the charge of Unlawful Imprisonment in the Second Degree. Counsel presented the docket sheet, verdict form and judgment for Mr. Souza's state case to Mr. Lee.

13. Given that Mr. Souza's PSR incorrectly presents Mr. Souza's criminal history, counsel would respectfully request that Mr. Souza's PSR report be corrected. It is important to correct the PSR because it is a document that will

follow Mr. Souza should he ever be incarcerated again and may be relied upon by either the judiciary, the Bureau of Prisons, or law enforcement to present a history of Mr. Souza's past charges.

14. Specifically, Mr. Souza would like the PSR report to reflect that he was acquitted of all sexual abuse allegations and that after a jury trial, he was found guilty of the lesser included offense of Unlawful Imprisonment in the Second Degree.

15. The facts and statements set forth in the foregoing document are true and correct to the best of my knowledge and belief.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

DATED: Honolulu, Hawaii, February 7, 2007.

/s/ Shanlyn A. S. Park
SHANLYN A. S. PARK
Attorney for Defendant
RUDY K. SOUZA

In the United States District Court, for the District of Hawaii,
United States v. Souza, Cr. No. 02-00549 HG;
Declaration of Counsel