Prob 12C
(Rev. 1/06 D/HI)

# SEALED BY ORDER OF THE COURT
## United States District Court
### for the
### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 12 2007

at __ o'clock and __ min. __ M.
SUE BEITIA, CLERK

U.S.A. vs. RUDY K. SOUZA                    Docket No. CR 02-00549HG-01

### REQUEST FOR COURSE OF ACTION
(Statement of Alleged Violations of Supervised Release)

COMES NOW FRANK M. CONDELLO, II, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of RUDY K. SOUZA, who was placed on supervision by the Honorable Helen Gillmor, sitting in the Court at Honolulu, Hawaii, on the 30th day of July 2003, who fixed the period of supervision at three (3) years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant is prohibited from possessing any illegal or dangerous weapons.

2. That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

3. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

4. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

On 6/7/2005, the Court modified the conditions of supervised release as follows:

5. That the defendant perform 50 hours of community service as directed by the Probation Office.

On 1/13/2006, the Court modified the conditions of supervised release as follows:

General Condition: That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision (mandatory condition).

SEALED
BY ORDER OF THE COURT

Special Condition No. 3: That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

On 4/12/2006, the Court modified the conditions of supervised release as follows:

6. That the defendant serve three (3) months of home detention with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at his place of residence during nonworking hours and shall not leave his residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.

On 10/30/2006, the Court revoked supervised release for the following violations: 1) The subject's urine specimens of 5/2/2005, 5/5/2005, and 2/23/2006 tested positive for methamphetamine; 2) The subject admitted using methamphetamine on 9/29/2006; 3) The subject refused to comply with drug testing on 4/15/2005, 5/25/2005, 7/15/2005, 7/22/2005, 11/17/2005, 12/15/2005, and 12/29/2005; and 4) The subject failed to attend substance abuse counseling on 7/14/2005. The subject was sentenced to four (4) months imprisonment to be followed by thirty-two (32) months of supervised release. The following special conditions were imposed:

1. That the defendant shall participate in and comply with substance abuse treatment, and it may also be a dual diagnosis treatment, if available and advisable by the Probation Office which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2. That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

3. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Prob 12C
(Rev. 1/06 D/HI)

3

## Alleged Violation(s) of Supervised Release

That the subject has violated the conditions of his supervised release (Judgment attached) as follows:

1. The subject failed to follow instructions of the Probation Officer and failed to comply with substance abuse treatment when he was unsuccessfully terminated from the Sand Island Treatment Center residential substance abuse program on 9/5/2007, in violation of Special Condition No. 1 and Standard Condition No. 3.

2. The subject refused to comply with drug testing on 4/12/2007, in violation of Special Condition No. 1.

3. The subject's urine specimen of 4/26/2007 tested positive for methamphetamine, in violation of Standard Condition No. 7.

4. The subject failed to attend substance abuse counseling on 4/26/2007, in violation of Special Condition No. 1.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

Prob 12C  
(Rev. 1/06 D/HI)

4

---

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on  9/12/2007

*/s/ Frank M. Condello II*
FRANK M. CONDELLO, II
U.S. Probation Officer

Approved by:

*/s/ Timothy M. Jenkins*
TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

---

ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 12th day of September, 2007, and ordered filed and made a part of the records in the above case.

*/s/ Helen Gillmor*
HELEN GILLMOR
Chief U.S. District Court Judge

Re:    **SOUZA, Rudy K.**
       **Criminal No. CR 02-00549HG-01**
       **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

The subject pled guilty to Possession of an Unregistered Destructive Device, a Class C felony. He was sentenced by Your Honor on 7/30/2003 to thirty (30) months imprisonment with three (3) years supervised release to follow. The subject began his first supervised release term on 2/17/2005.

On 10/30/2006, the subject's supervised release was revoked and Your Honor sentenced him to four (4) months imprisonment to be followed by thirty-two (32) months of supervised release. The subject began his second supervised release term on 2/9/2007. The special conditions are noted on page 2 of the petition.

**Violation No. 1 - Failing to Follow Instructions of the Probation Officer by Being Unsuccessfully Terminated from the Sand Island Treatment Center Residential Program and Failing to Comply With Substance Abuse Treatment**: On 5/14/2007, Your Honor was informed by our office that the subject entered the Sand Island Treatment Center (Sand Island) residential program on 5/3/2007, after admitting to methamphetamine use on 4/25/2007. The subject was instructed by this officer to complete the Sand Island program and receive a clinical discharge.

On 9/5/2007, our office was notified by Sand Island that the subject was observed by staff on 9/1/2007 to be in an "off limits" area while out on an approved day pass. Specifically, the subject was only approved to be at the Sand Island Beach Park area. The subject instead went to see a movie with another resident. Upon his return, the subject denied going to a movie. However, he later admitted that he lied to staff so that they could "feel what it's like to be lied to." The subject felt that he was being denied visits home with his mother due to problems with staff. After review by treatment staff, they stated, "The persistence of Mr. Souza's narcissistic attitudes and antisocial behaviors clearly indicate that he does not want to change. Based upon Mr. Souza's current unwillingness to examine his behavior and accept a modicum of personal responsibility, a long standing pattern that has fueled his continued engagement in criminal activity and addictive lifestyle, a decision was made to terminate treatment services..."

**Violation No. 2 - Refused to Comply With Drug Testing on 4/12/2007**: Per the Special Condition, the subject was referred to Hina Mauka for random drug testing, and Freedom Recovery Services (FRS) for outpatient substance abuse counseling. Our office was informed by Hina Mauka that on 4/12/2007, the subject failed to submit a urine specimen for testing. As the subject was oriented to the requirements of the drug testing program, he is charged with refusal to comply with drug testing. The subject reported that on 4/12/2007, he also had counseling at FRS and forgot to go to Hina Mauka for his drug test. The subject was admonished and warned to manage his time better if he had both counseling and drug testing on the same day. Your Honor was first notified of this violation on 5/14/2007.

Re:   SOUZA, Rudy K.
      Criminal No. CR 02-00549HG-01
      REVOCATION OF SUPERVISED RELEASE
      STATEMENT OF FACTS - Page 2

**Violation Nos. 3 and 4 - Urine Specimen of 4/26/2007 Tested Positive for Methamphetamine; and Failed to Attend Substance Abuse Counseling on 4/26/2007**: On 5/14/2007, Your Honor was notified that the subject submitted a urine specimen to Hina Mauka as part of the treatment regimen on 4/26/2007. The specimen was tested with a non-instrumented drug testing device (NIDTD) and found to be presumptively positive for methamphetamine. The specimen was forwarded to a laboratory and confirmed positive for methamphetamine. When questioned by this officer, the subject admitted using methamphetamine on 4/25/2007. The subject also admitted missing his group substance abuse counseling session at FRS on 4/26/2007. He stated that he could not face his class and counselor after testing positive for methamphetamine. Because the subject had entered the Sand Island residential program, our office recommended no further action be taken and Your Honor concurred.

It was our office's hope that due to the subject's continued methamphetamine use while on two supervised release terms, a placement at a long-term residential program like Sand Island would help the subject to get a better grasp of his addiction and triggers. Unfortunately, the subject has been terminated from the Sand Island program for a poor attitude towards treatment and violation of program rules. Based on the above, we respectfully recommend that the Court issue a no bail warrant for his appearance to show cause why supervised release should not be revoked.

Respectfully submitted by,

_[signature]_

FRANK M. CONDELLO, II
U.S. Probation Officer

Approved by:

_[signature]_

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

FMC/dck

Re:   SOUZA, Rudy K.
      Criminal No. CR 02-00549HG-01
      REVOCATION OF SUPERVISED RELEASE
      STATEMENT OF FACTS - Page 3

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

None.

AO 245D    (Rev. 12/03) Sheet 1 - Judgment in a Criminal Case for Revocation    ORIGINAL

# United States District Court
## District of Hawaii

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 0 6 2006

at 1 o'clock and 40 min P M
SUE BEITIA, CLERK

UNITED STATES OF AMERICA
v.
**RUDY K. SOUZA**
(Defendant's Name)

'06 NOV -6 P3:42

**JUDGMENT IN A CRIMINAL CASE**
(For Revocation of Probation or Supervised Release)

Criminal Number:  1:02CR00549-001
USM Number:  90010-022

Shanlyn A.S. Park, AFPD
Defendant's Attorney

**THE DEFENDANT:**

[✓] admitted guilt to violation of General Condition, Standard Condition No. 7, and Special Condition No. 3 of the term of supervision.
[ ] was found in violation of condition(s) _____ after denial or guilt.

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|
| See next page. | | |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Defendant's Soc. Sec. No.: 8176

Defendant's Residence Address:
Waipahu, Hawaii 96797

Defendant's Mailing Address:
Waipahu, Hawaii 96797

October 30, 2006
Date of Imposition of Sentence

/s/ Helen Gillmor
Signature of Judicial Officer

HELEN GILLMOR, Chief United States District Judge
Name & Title of Judicial Officer

11·6·06
Date

ATTEST: A True Copy
SUE BEITIA
Clerk, United States District Court, District of Hawaii
By _____ Deputy

AO 245 D (Rev. 3/95) Judgment in a Criminal Case for Revocation Sheet 1

CASE NUMBER: 1:02CR00549-001
DEFENDANT: RUDY K. SOUZA

Judgment - Page 2 of 5

## ADDITIONAL VIOLATION

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| 1. | The subject's urine specimens of 5/2/2005, 5/5/2005, and 2/23/2006 tested positive for methamphetamine. | |
| 2. | The subject admitted using methamphetamine on 9/29/2006. | |
| 3. | The subject refused to comply with drug testing on 4/15/2005, 5/25/2005, 7/15/2005, 7/22/2005, 11/17/2005, 12/15/2005, and 12/29/2005. | |
| 4. | The subject failed to attend substance abuse counseling on 7/14/2005. | |

AO 245B   (Rev. 6/05) Judgment in a Criminal Case
          Sheet 2 - Imprisonment

CASE NUMBER:      1:02CR00549-001
DEFENDANT:        RUDY K. SOUZA

Judgment - Page 3 of 5

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 4 MONTHS.

[ ]  The court makes the following recommendations to the Bureau of Prisons:

[✓]  The defendant is remanded to the custody of the United States Marshal.

[ ]  The defendant shall surrender to the United States Marshal for this district.
     [ ] at ___ on ___.
     [ ] as notified by the United States Marshal.

[ ]  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
     [ ] before _ on ___.
     [ ] as notified by the United States Marshal.
     [ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

AO 245B   (Rev. 6/05) Judgment in a Criminal Case
         Sheet 3 - Supervised Release

CASE NUMBER:      1:02CR00549-001
DEFENDANT:        RUDY K. SOUZA

Judgment - Page 4 of 5

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: 32 MONTHS.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

That the defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement on supervision and at least two periodic drug tests thereafter, but not more than 8 valid drug tests per month during the term of supervised release.

[ ]   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔]   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (Check if applicable.)

[ ]   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[ ]   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[ ]   The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B  (Rev. 6/05) Judgment in a Criminal Case
Sheet 3 - Supervised Release

CASE NUMBER: 1:02CR00549-001
DEFENDANT: RUDY K. SOUZA

Judgment - Page 5 of 5

## SPECIAL CONDITIONS OF SUPERVISION

1. That the defendant shall participate in and comply with substance abuse treatment, and it may also be a dual diagnosis treatment, if available and advisable by the Probation Office which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2. That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

3. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

**ACKNOWLEDGMENT OF CONDITIONS**
I have read or have had read to me the conditions of supervision set forth in this judgment and I fully understand them. I have been provided a copy of them.
I understand that upon finding of a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

Defendant _____  Date 2/12/07
United States Probation Officer _____  Date 2/12/07